13-4708
Zhu v. Bondi

BIA
Zagzoug, IJ
A087 916 820

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

1     At a stated term of the United States Court of Appeals for the Second
2  Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
3  Square, in the City of New York, on the 25th day of March, two thousand
4  twenty-five.
5
6  PRESENT:
7           DENNIS JACOBS,
8           RAYMOND J. LOHIER, JR.,
9           BETH ROBINSON,
10                  *Circuit Judges.*
11  _____
12
13  WEI SUI ZHU,
14           *Petitioner,*
15
16           v.                                        13-4708
17                                                     NAC
18  PAMELA BONDI, UNITED STATES
19  ATTORNEY GENERAL,¹

---

¹ Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

1          *Respondent.*

2    _____

3

4    **FOR PETITIONER:**              Gary J. Yerman, Esq., New York, NY.

5

6    **FOR RESPONDENT:**              Stuart F. Delery, Assistant Attorney General;

7                                    John S. Hogan, Senior Litigation Counsel;

8                                    Robbin K. Blaya, Trial Attorney, Office of

9                                    Immigration Litigation, United States

10                                   Department of Justice, Washington, DC.

11        UPON DUE CONSIDERATION of this petition for review of a Board of

12   Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

13   DECREED that the petition for review is DENIED.

14        Petitioner Wei Sui Zhu, a native and citizen of China, seeks review of a

15   November 21, 2013 decision of the BIA affirming a July 11, 2012 decision of an

16   Immigration Judge ("IJ") that denied his application for asylum, withholding of

17   removal, and relief under the Convention Against Torture ("CAT").   *In re Wei Sui*

18   *Zhu,* No. A087 916 820 (B.I.A. Nov. 21, 2013), *aff'g* No. A087 916 820 (Immig. Ct.

19   N.Y.C. July 11, 2012).   We assume the parties' familiarity with the underlying

20   facts and procedural history.

21        We have considered both the IJ's and the BIA's opinions "for the sake of

22   completeness."   *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.

1    2006).  "We review the agency's factual findings, including adverse credibility

2    findings, under the substantial evidence standard," and "[w]e review *de novo*

3    questions of law and the application of law to fact."  *Hong Fei Gao v. Sessions*, 891

4    F.3d 67, 76 (2d Cir. 2018).  "[T]he administrative findings of fact are conclusive

5    unless any reasonable adjudicator would be compelled to conclude to the

6    contrary."  8 U.S.C. § 1252(b)(4)(B).

7         We find no error in the agency's conclusion that Zhu failed to meet his

8    burden of proof to establish eligibility for relief.  *Id.* § 1158(b)(1)(B)(i).  "The

9    testimony of the applicant may be sufficient to sustain the applicant's burden

10   without corroboration, but only if the applicant satisfies the trier of fact that the

11   applicant's testimony is credible, is persuasive, and refers to specific facts

12   sufficient to demonstrate that the applicant is a refugee. In determining whether

13   the applicant has met the applicant's burden, the trier of fact may weigh the

14   credible testimony along with other evidence of record."  *Id.* § 1158(b)(1)(B)(ii).

15        As an initial matter, the agency reasonably relied on Zhu's demeanor during

16   his merits hearing testimony to find that he was not credible.  "[A] trier of fact

17   may base a credibility determination on the demeanor, candor, or responsiveness

3

1   of the applicant." *Id.* § 1158(b)(1)(B)(iii). The agency cited several examples of

2   Zhu's problematic demeanor or lack of responsiveness during the merits hearing.

3   We grant "particular deference" to such determinations because the IJ is "in the

4   best position to evaluate whether apparent problems in the witness's testimony

5   suggest a lack of credibility or, rather, can be attributed to an innocent cause such

6   as difficulty understanding the question." *Shu Wen Sun v. BIA*, 510 F.3d 377, 380–

7   81 (2d Cir. 2007) (quotation marks omitted). We defer to the IJ's conclusions

8   regarding Zhu's demeanor because the record confirms that Zhu became

9   nonresponsive and evasive when asked basic questions that did not pertain to the

10   facts included in his application. For example, Zhu was unable to explain where

11   he lived in the United States or identify the street he lived on or his address, but

12   he could give specific details and dates from his application. The record thus

13   supports the IJ's conclusion that Zhu appeared to have memorized the details of

14   his claim of persecution and that his testimony was scripted. This is

15   "paradigmatically the sort of evidence that a fact-finder is best positioned to

16   evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

17        Given the demeanor problems throughout Zhu's testimony, we find no

1    error in the agency's conclusion that Zhu failed to meet his burden of proof when

2    considered in conjunction with his failure to corroborate his testimony.   *See* 8

3    U.S.C. § 1158(b)(1)(B)(ii).   "An applicant's failure to corroborate his or her

4    testimony may bear on credibility, because the absence of corroboration in general

5    makes an applicant unable to rehabilitate testimony that has already been called

6    into question."   *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).   Moreover,

7    where, as here, the IJ identifies reasonably available corroboration that could have

8    been presented, the absence of that evidence can be an independent basis for the

9    denial of relief.   *See* 8 U.S.C. § 1158(b)(1)(b)(ii); *Pinel-Gomez v. Garland*, 52 F.4th

10   523, 529–32 (2d Cir. 2022).

11        As the agency found, Zhu failed to submit a statement from his brother, who

12   was in China at the time Zhu was arrested and in the United States at the time of

13   Zhu's hearing.   Zhu's reason – that he was not very close to his brother – does not

14   compel a conclusion that a statement was unavailable.   *See* 8 U.S.C. § 1252(b)(4)

15   ("No court shall reverse a determination made by a trier of fact with respect to the

16   availability of corroborating evidence . . . unless the court finds . . . that a

17   reasonable trier of fact is compelled to conclude that such corroborating evidence

5

1    is unavailable."); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner

2    must do more than offer a plausible explanation for his inconsistent statements to

3    secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4    to credit his testimony." (citation and quotation marks omitted)).   Zhu also failed

5    to corroborate his practice of Christianity in the United States.   Although he

6    testified that a relative had introduced him to his church in the United States, he

7    could not identify that person by name, and the individual did not testify or

8    submit a statement.   Nor did any fellow churchgoers appear or submit

9    statements.   Although Zhu explained that they were afraid to appear because

10   they did not have documented immigration status here, he did not explain why

11   he did not at least obtain written statements.   *See* 8 U.S.C. § 1252(b)(4); *cf. Majidi*,

12   430 F.3d 80–81.   Finally, the IJ reasonably declined to give weight to unsworn

13   statements from Zhu's father and a member of his church in China.   *See Likai Gao*

14   *v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her

15   discretion in according . . . little weight [to letters] because the declarants

16   (particularly [petitioner]'s wife) were interested parties and neither was available

17   for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We

6

1    generally defer to the agency's evaluation of the weight to be afforded an

2    applicant's documentary evidence.").

3        Considering the demeanor issues and the failure to present available

4    corroboration that he had been arrested in China or that he practiced Christianity

5    in the United States, the agency reasonably concluded that Zhu failed to meet his

6    burden of proof.    *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii).   This finding is dispositive

7    because Zhu's claims for asylum, withholding of removal, and CAT relief were all

8    based on the same factual predicate.    *See Hong Fei Gao*, 891 F.3d at 76; *Lecaj v.*

9    *Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

10        For the foregoing reasons, the petition for review is DENIED.   All pending

11   motions and applications are DENIED and stays VACATED.

12                                FOR THE COURT:
13                                Catherine O'Hagan Wolfe, Clerk of Court
14

7